# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Willie Lee Hagood,                             ) | |
| ) | Civil Action No. 4:15-cv-01653-JMC |
| Plaintiff,              ) | |
| ) | |
| v.                ) | **ORDER** |
| ) | |
| Ofc. Lieutenant Robert Miller, Warden   ) | |
| Cecilia Reynolds, Mrs. Quintina Rembert, ) | |
| and Ofc. Sgt. Rennick,                        ) | |
| ) | |
| Defendants.        ) | |
| ) | |
| ) | |

Plaintiff, proceeding *pro se*, brings this action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 47), filed on May 27, 2016, recommending that Defendant's Motion for Summary Judgment (ECF No. 37) be granted and this case dismissed in its entirety. The Report sets forth in detail the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file an objection to the Report by June 13, 2016. (ECF No. 47.)  Plaintiff filed no objections. In the absence of an objection to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law in the instant matter.  The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 47).  It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 37) be granted and Plaintiff's action, (ECF No. 1), be **DISMISSED** in its entirety.[1]

---

[1] Although the Magistrate Judge's recommendation is to dismiss Plaintiff's claim "in its entirety," the court construes this language as a recommendation to dismiss Plaintiff's claim with prejudice. Plaintiff failed to exhaust his administrative remedies with respect to his April 28, 2013 and June 4, 2013 grievances, because he did not meet the deadlines for filing a "Step 1 grievance form" for either incident that was the subject of these claims. Thus, Plaintiff did not comply with the SCDC's inmate grievance procedure and cannot move forward with his § 1983 claim. *See* 42 U.S.C. § 1997(e)(a) (2016) ("No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available as exhausted."). With respect to Plaintiff's third grievance, dated December 31, 2013, Plaintiff fails to provide evidence of a violation of his constitutional rights that is cognizable under § 1983. Plaintiff alleges that Miller slandered him, harassed him and scandalized his name. However, "mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis,* 153 Fed. Appx. 178, 180 (4th Cir. 2005). Plaintiff provided no evidence that threats or verbal abuse by Miller were accompanied by acts of violence or efforts to carry out those threats. Plaintiff's claim that Miller violated his due process rights by having

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 21, 2016
Columbia, South Carolina

---

him placed in the special management unit (SMU) likewise fails. Miller merely prepared the incident report recommending that Plaintiff be removed from the general population, but had no authority to have Plaintiff placed in SMU. Furthermore, Miller was not involved in any of the subsequent decisions regarding Plaintiff's status after Plaintiff was removed to SMU. Plaintiff therefore provides insufficient evidence to create a material issue of fact as to any constitutional violation by Miller.